**Ilir STAFA, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40868–ag.**

United States Court of Appeals, Second Circuit.

Nov. 2, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Marialarrie Alinsunurin, New York, New York, for Petitioner.

Terrance P. Flynn, United States Attorney for the Western District of New York, Lynn S. Edelman, Assistant United States Attorney, Buffalo, New York, Cory C. Black, Law Student Intern, Buffalo, New York, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Ilir Stafa, a native and citizen of Albania, seeks review of an October 29, 2003 order of the BIA adopting and affirming the July 1, 2002 decision of immigration judge ("IJ") Gabriel C. Videla denying Stafa's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ilir Stafa,* No. A75 998 645 (B.I.A. Oct. 29, 2003), *aff'g* A75 998 645 (Immig. Ct. N.Y. City July 1, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.

We find that the IJ's adverse credibility determination in this case was supported by substantial evidence. The IJ provided a lengthy description of internal inconsistencies in Stafa's testimony as well as discrepancies between his testimony and his written application. These inconsistencies and discrepancies went to the heart of Stafa's claims. *See, e.g., Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 158–60 (2d Cir.2006). Moreover, although Stafa was given ample opportunity to explain these inconsistencies and discrepancies, no reasonable factfinder would have felt compelled to credit those explanations. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Stafa gave at least three different dates for when he left Tapeze (the village in which his family was allegedly interned)— dates that are wholly irreconcilable with the statement in his written application that he lived in another city for 15 years. Stafa also presented inconsistent testimony regarding the length of his alleged imprisonment after a November 1994 hunger strike, stating in an affidavit that he was sentenced to 1.5 years in prison, but testifying that he was imprisoned for 1.5 months.[2] Describing events that followed a 1991 demonstration, Stafa stated in his written application, "I was beaten together

2. The IJ properly refused to allow Stafa to

amend his petition because Stafa's former

with my parents." He testified, however, that only he and his brother participated in that demonstration, while his parents participated in a different demonstration in their "local area."

Further, Stafa submitted a membership card to an Albanian organization for "persecuted persons," but the United States Embassy in Albania issued an "Investigation Report" stating that the secretary of the organization could find no record of his membership and that the membership card was therefore invalid. To rebut the government's report, Stafa submitted an affidavit from his prior counsel, but this affidavit raised more questions than it answered. Thus, the IJ was entitled to draw "adverse inferences" from Stafa's submission of the membership card. *See Matter of O–D–,* 21 I. & N. Dec. 1079, 1082, 1998 WL 24904 (BIA 1998); *see also Rui Ying Lin v. Gonzales,* 445 F.3d 127, 133 (2d Cir.2006) (discussing the maxim of *falsus in uno, falsus in omnibus* (false in one thing, false in everything)).

Because substantial evidence supports the IJ's adverse credibility finding, we do not reach the IJ's alternative finding that Stafa failed to carry his burden of proof for establishing eligibility for asylum and withholding of removal. Moreover, Stafa failed to exhaust his CAT claim before the BIA and, therefore, we will not review it. 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005) (explaining that, in the absence of manifest injustice, petitioners must administratively exhaust the categories of relief they are

counsel represented to the IJ that Stafa had reviewed the application and that it was true and correct. An IJ does not err in relying on counsel's representation that an application has been reviewed and is correct, particularly in a case where, as here, the applicant had more than four years to amend it.

3. Stafa's brief to the BIA mentions CAT relief in the opening paragraphs, but makes no argument regarding that relief in the argument

claiming and the individual issues on which that relief may turn, but not subsidiary legal arguments).[3]

For the foregoing reasons, the petition for review is DISMISSED in part for lack of jurisdiction with respect to petitioner's CAT claim and DENIED in part with respect to his asylum and withholding of removal claims. The pending motion for a stay of removal in this petition is DENIED as moot.

section. Specifically, in the portion of the brief arguing that Stafa established eligibility for relief, as opposed to credibility, he only discusses asylum and withholding of removal. Where a petitioner's brief to the BIA mentions a particular claim in the prayer for relief, but fails to make any argument relevant to that claim, the claim is not exhausted. *Karaj v. Gonzales,* 462 F.3d 113, 118–21 (2d Cir.2006).